UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTINA O'BRIEN, and
MICHAEL O'BRIEN,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,;
JANE DOE and/or JOHN DOE,

      Defendant.

_____/

## DEFENDANT, WAL-MART STORES EAST, L.P.' S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P., ("WAL-MART"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 19th Judicial Circuit Court in and for Indian River County, Florida, Case No. 31-2020-CA-000344, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.   FACTUAL BACKGROUND

1.   On May 27, 2020, Plaintiffs commenced this action by filing a Complaint against Wal-Mart in the 19th Judicial Circuit Court in and for Indian River County, Florida. *See* Pl.'s Compl., attached as Ex. "A."

2.   The initial Complaint was served on Wal-Mart on July 28, 2020. *See* Service of Process attached as Ex. "B."

3.   Plaintiffs residents of Indian River County, Florida. *See* Ex. "A" at ¶ 2.

4.      As fully discussed in detail below, Wal-Mart is a Delaware limited partnership. *See* Florida Department of State, Division of Corporations Detail by Entity Name attached as Ex. "C."

5.      Although John/Jane Doe is alleged to be a resident of Indian River County, Florida [*See* Ex. "A" at ¶ 4], **the citizenship of Jane/John Doe is disregarding for purposes of citizenship.** *See* 28 U.S.C. § 1441(b)(1) (stating "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the **citizenship** of defendants sued under fictitious names shall be **disregarded**") (emphasis added).[1]

6.      Disregarding the citizenship of Jane/John Doe in accordance with 28 U.S.C. § 1441(b)(1), establishes that the parties are diverse. Even if this Court were to consider the citizenship of Jane/John Doe, the parties are still nonetheless diverse, as the Plaintiff has fraudulently joined Jane/John Doe for purposes to

---

[1] On August 26, 2020, the Plaintiffs filed, in state court, a Motion for Leave to Amend their Complaint for the purpose of supplementing the store manager, Youri Victor, for Jane/John Doe. *See* Amended Complaint attached as Ex. "D." Essentially, Plaintiffs seek to destroy diversity jurisdiction by fraudulently joining the store manager, Youri Victor, to this lawsuit despite the fact that their proposed Amended Complaint fails to allege any ultimate facts indicating Mr. Victor *actively participated* in bringing about Plaintiff's incident. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016). The same is true of the John/Jane Doe Defendants. Plaintiffs sued Jane/John Doe (alleged to be a store manager) for the purpose of defeating diversity jurisdiction. The Plaintiffs' Motion for Leave is not yet properly before this Court as **the Plaintiffs have not yet filed their Motion for Leave with the Federal Court**. **If, in the event that Plaintiffs file their Motion for Leave with this Court, Wal-Mart will file its response in opposition in accordance with the Southern District Local Rules**.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

destroying diversity jurisdiction. Accordingly, Jane and John Doe should be dismissed from the lawsuit.

7.     Plaintiff, Christina O'Brien, alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on May 29, 2016, when she slipped and fell on a liquid substance on the floor of the Wal-Mart store located at 5555 20th Street, Vero Beach, Indian River County, Florida. *See* Ex. "A" at ¶¶ 5-7.

8.     Her husband, Michael O'Brien, has filed a derivative claim for loss of consortium in connection with his wife's incident. *Id.* at ¶ 17-19.

9.     Plaintiffs allege that Wal-Mart negligently breached its duties owed to them by, *inter alia,* failing to maintain its premises in a reasonably safe condition and to warn of perils that Plaintiff could not have discovered. *See* Ex. "A."

10.     On August 26, 2020, Wal-Mart propounded its Request for Admissions to Plaintiff. *See* Ex. "E."

11.     On September 22, 2020, Plaintiff, Christina O'Brien, filed her Responses to Wal-Mart's Request for Admissions, and admitted that damages in this case exceeds $75,000.00. *See* Ex. "F" at No. 13 and 14.

12.     Plaintiff's Complaint is therefore removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

13.     Venue exists in the United States District Court for the Southern District of Florida, because the 19th Judicial Circuit Court in and for Indian River

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

County is located within the United States District Court for the Southern District of Florida.

14.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 19th Judicial Circuit of the State of Florida in and for Indian River County together with a docket sheet from the Clerk of the Court.  *See* attached as Composite Ex. "G."

15.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. <u>REMOVAL IS TIMELY</u>

16.     On August 26, 2020, Plaintiff served Wal-Mart with her Response to Request for Admissions admitting that damages in this case exceed $75,000.00. *See* Ex. "F" at No. 13 and 14..

17.     Plaintiff's Responses to Wal-Mart's Request for Admissions are the first paper from which Wal-Mart ascertained that the instant case is removable based on diversity jurisdiction as Plaintiff admitted that the amount in controversy exceeds $75,000.00. *See Id.*

18.     28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

19.     Responses to request for admissions constitute "other paper" under § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213, n. 61 (11th Cir. 2007); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Dukes v. Wal-Mart, Inc.*, 2018 U.S. Dist. LEXIS 204199, at *8 (M.D. Ala. November 30, 2018); *Rowe v. Swift Transp. Co. of Arizona, LLC*, 2017 U.S. Dist. LEXIS 221679, at *3 (M.D. Fla. December 21, 2017); *Pugliese v. Tex. Roadhouse, Inc.*, 2017 U.S. Dist. LEXIS 202879, at *4 (M.D. Fla. December 11, 2017); *Murat v. Sam's East, Inc.*, 2017 U.S. Dist. LEXIS 13955, at *3 (S.D. Fla. January 23, 2017); *Garden Terrace Apts. No. 9 Ass'n v. W. Heritage Ins. Co.*, 2016 U.S. Dist. LEXIS 190994, at *5 (S.D. Fla. February 11, 2016).

20.     In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Responses to Wal-Mart's Request for Admissions, which was the "other paper" that made it clear that removal was appropriate. *See* Ex. "F" at No. 13 and 14. Thus, the instant Notice of Removal is timely filed.

### III.     THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

19.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

20.     "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v.*

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

21.    This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A.  CITIZENSHIP OF WAL-MART STORES EAST, L.P.**

22.    At the time of the alleged incident, and at all material times, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "C." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities at the time of the incident and at all material times, (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC;

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., been a citizen of Florida.

**B. CITIZENSHIP OF PLAINTIFFS, CHRISTINA & MICHAEL O'BRIEN**

23.     Plaintiffs, Christina and Michael O'Brien, were at all times material to this action residents of Indian River County, Florida. *See* Ex. "A" at ¶ 2. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

24.     Here, Plaintiffs' Complaint states they are residents of Indian River County, Florida. *See* Ex. "A" at ¶ 2.   Plaintiffs' Indian River County, Florida residence is prima facie evidence of their domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

**C. CITIZENSHIP OF JANE/JOHN DOE**

25.     Plaintiffs' Complaint alleges that Jane/John Doe (i.e. an unnamed store manager) is a resident of Indian River County, Florida. *See* Ex. "A" at ¶ 4. Although John/Jane Doe is alleged to be a resident of Indian River County, Florida [*See* Ex. "A" at ¶ 4], ***the citizenship of Jane/John Doe is disregarding for purposes of citizenship.*** *See* 28 U.S.C. § 1441(b)(1) (stating "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the ***citizenship*** of defendants sued under fictitious names shall

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

be **disregarded**") (emphasis added). Accordingly, the citizenship of Jane/John Doe does not defeat diversity jurisdiction.

> D. **EVEN IF THIS COURT WERE TO CONSIDER THE CITIZENSHIP OF JANE/JOHNN DOE, COMPLETE DIVERSITY BETWEEN THE PARTIES EXISTS BECAUSE JANE/JOHN DOE WAS FRAUDULENTLY JOINED TO DEFEAT DIVERSITY JURISDICTION, AND THUS, SHOULD BE DISMISSED FROM THIS LAWSUIT.**

26.    The citizenship of co-defendant, Jane/John Doe, should be **disregarded all together, in accordance with 28 U.S.C. § 1441(b)(1)**. On that basis alone, the citizenship of Jane/John Doe does not defeat diversity jurisdiction.

27.    However, even if this Court were to consider the citizenship of co-defendant Jane/John Doe, diversity among the parties is not destroyed as Jane/John Doe was fraudulently joined to defeat diversity jurisdiction, and thus, should be dismissed from this lawsuit.

28.    Jane/John Doe was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

29.    Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

30.    The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

31.    The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

32.    Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – ***he or she must be actively***

*negligent.*" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

33.     In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

34.     *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence

against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id.* Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id.* The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that ***a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.*** *See id.* (citing *Orlovsky*, 405 So. 2d at 1364).

35.     Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id.* at *1. The

plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[2] and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id*. at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id*.

---

[2] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

36.     Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

37.     Similarly, in *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and DE. 21, (S.D. Fla. May 6, 2019). The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id.* The Honorable Judge Middlebrooks granted Michael Gillespie's Motion to dismiss [at D.E. 21] as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about the Plaintiff's incident, and subsequently denied Plaintiff's Motion to Remand. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019).

38.     Similarly, in *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020), the court denied plaintiff's motion to remand and dismissed the store manager, Charles Coleman, from the lawsuit finding that he was fraudulently joined to defeat diversity jurisdiction as

the complaint failed to allege any facts that Charles Coleman actively participated in bringing about plaintiff's incident.

39.     In the instant case, although Plaintiffs allege that Jane/John Doe is a store manager at the subject Wal-Mart store where the Plaintiff's incident allegedly occurred, there is no possibility that Plaintiff can prove a cause of action for negligence against Jane/John Doe because there are no allegations contained in the Complaint which indicate that Jane/John Doe was actively negligent and/or actively and personally involved in bringing about Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

40.     Most importantly, Plaintiffs' Complaint fails to allege any facts that Jane/John Doe *personally* committed an act of negligence and/or participated in the alleged tort, and did not play any role in Plaintiff, Christina O'Brien's, alleged injuries as Jane/John Doe is not alleged to have:

    a.     witnessed the incident,
    b.     personally participated in the events leading up to Plaintiff's alleged incident and/or individually engaged in tortious conduct,
    c.     placed the alleged slippery substance on the floor,
    d.     had knowledge of the alleged slippery substance on the floor,
    e.     observed the alleged slippery substance on the floor,
    f.     caused the alleged slippery substance to be on the floor, and/or

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

g.     had any knowledge pertaining to the identity of the individual who allegedly caused the alleged slippery substance to be on the floor.

41.     Therefore, John/Jane Doe is not alleged to have had any knowledge of the alleged dangerous condition prior to Plaintiff's incident, and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

42.     Essentially, Plaintiffs have added Jane/John Doe because Plaintiffs have discovered he was an employee/manager at the store. As discussed above, this is contrary to Florida law.

43.     This is particularly event in light of the fact that Plaintiffs' Complaint ***fails to allege any facts indicating Jane/John Doe was actively negligent by actively participating*** in and committing any tort to cause Plaintiff, Christina O'Brien's, incident. Instead, the Plaintiffs merely alleges Jane/John Doe was a manager at the store, yet to fails to allege that Jane/John Doe actively participated in bringing about Plaintiff, Christina O'Brien's, incident.

44.     After disregarding the fraudulently joined Defendant (i.e. Jane/John Doe), there can be no dispute that the citizenship of the Parties is diverse.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## IV. AMOUNT IN CONTROVERSY

45. The amount in controversy exceeds $75,000.00. Although Plaintiffs' Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Responses to Wal-Mart's Request for Admissions [*See* Ex. "F" at No. 13 and 14], evidences that damages in this case exceeds the jurisdictional minimum in this Court of $75,000.00.

46. The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

47. Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiffs' Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also, Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[3] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the

---

[3] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

48.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

49.     Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

50.     Similarly, the Eleventh Circuit Court has held that **responses to discovery**, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

51.     Applying this principle, the District Courts contain numerous cases wherein removal was directly based on the plaintiff's admission that the amount in controversy exceeded $75,000.00. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025 (S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

52.     Accordingly, this Court may look to Plaintiff's discovery responses when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

53.     In this case, Plaintiff's Responses to Wal-Mart's Request for Admissions and the allegations of the Complaint conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Ex. "A" at ¶ 1; Ex. "F" at No. 13 and 14. The Court has the authority to rely on Plaintiff's admission as proof that the jurisdictional limit has been met.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

54.     Based on the foregoing, Wal-Mart has established that damages in this case exceed $75,000.00 by Plaintiff's own admission. Additionally, Plaintiffs' Complaint, [*See* Ex. "A" at ¶ 11], claims loss wages of an unknown quantity, past medical expenses, and past and future pain and suffering of an unknown quantity. As such, removal is proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3) because there exists complete diversity in this matter as:

1.     The Plaintiffs and Wal-Mart are citizens of different states,

2.     The citizenship of citizenship of Jane/John Doe is disregarded in accordance with 28 U.S.C. § 1441(b)(1); thereby, establishing that the parties are diverse. Even if this Court were to consider the citizenship of Jane/John Doe, the parties are nonetheless diverse, as the Plaintiff has fraudulently joined Jane/John Doe for purposes to destroying diversity jurisdiction. Accordingly, Jane and John Doe should be dismissed from the lawsuit,

3.     The amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs as the Plaintiff, Christina O'Brien, admitted that damages exceed $75,000.00.

Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the 19th Judicial Circuit in and for Indian River County, Florida.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**WHEREFORE**, Defendant, Wal-Mart Stores Eat, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No. Case No. 31-2020-CA-000344, be removed to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: October 21, 2020**

Respectfully Submitted,

*/s/ Patricia Concepcion*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No.109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart Stores East, L.P.*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on October 21, 2020, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

*/s/ Patricia Concepcion*
Patricia Concepcion, Esq.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## SERVICE LIST

*Attorneys for Plaintiff*

Scott Wright, Esq.
The Wright Law Group
2290 W. Eau Gallie Blvd.
Suite,212
Melbourne, FL 32935

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690