Filing # 107968387 E-Filed 05/27/2020 08:09:31 AM

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
INDIAN RIVER COUNTY, FLORIDA

CASE NO. 312020CA000344XXXXXX

CHRISTINA O'BRIEN AND
MICHAEL O'BRIEN,

    Plaintiffs,

vs.

WAL-MART STORES EAST, LP a
Foreign corporation and
JANE DOE AND/OR JOHN DOE,

    Defendants.
_____/

## COMPLAINT

COME NOW the Plaintiffs, CHRISTINA O'BRIEN AND MICHAEL O'BRIEN, by and through the undersigned attorney, and sue the Defendants, WAL-MART STORES EAST, LP (hereinafter "WAL-MART") and JANE DOE AND/OR JOHN DOE (hereinafter "DOE") and as a basis therefore would show:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for damages which exceed $30,000.00.

2. At all times material hereto Plaintiffs were residents of Indian River County, Florida.

3. At all times material hereto WAL-MART was a foreign corporation authorized to do business and doing business in Indian River County, Florida.

4. At all times material hereto DOE was a resident of Indian River County, Florida. DOE was the Wal-Mart store manager on the date of the incident described herein. Once identified through

discovery, a motion to amend will be filed naming the manager by proper name.

5. At all times material hereto WAL-MART owned or leased and/or operated and/or controlled certain property, buildings, fixtures and contents located at 5555 20th Street, Vero Beach, Indian River County, Florida, that was then being operated as a retail store into which members of the general public, such as Plaintiff, were invited to do business.

6. At all times material hereto, Plaintiffs were business invitees on the above-referenced property.

7. On or about May 29, 2016 Plaintiff, while walking within the store in an area designated for customer foot traffic, stepped on a clear liquid substance on the floor and was thereby caused to slip and fall sustaining the severe personal injuries hereinafter described.

**COUNT I**
**(CLAIM OF CHRISTINA O'BRIEN AGAINST DEFENDANT WAL-MART)**

8. Plaintiff realleges and incorporates herein paragraphs 1 2, 3, 5, 6 and 7 as if set forth verbatim.

9. At all times material hereto, WAL-MART owed a duty and responsibility to maintain its premises and its property located thereon in a reasonably safe condition for customers, and to correct, remove or warn of dangerous conditions of which WAL-MART had knowledge, or, in the exercise of reasonable care, should have had knowledge.

2

10. WAL-MART was negligent and therefore breached said duty of care in ways which include, but are not limited to, the following:

   A. By failing to provide a reasonably safe walking surface in the location where the Plaintiff fell;

   B. By failing to inspect the property to ascertain the presence of unreasonably dangerous conditions, including but not limited to, the clear liquid which was the cause of Plaintiff's fall;

   C. By failing to eliminate those unreasonably dangerous conditions of the walking surface that were known or should have been known to WAL-MART;

   D. By failing to warn the Plaintiff under the circumstances of this case, of the unreasonably dangerous condition posed by the clear liquid in question and by failing to warn of the foreseeable risk of severe personal injury caused by such condition;

   E. By failing to otherwise properly inspect and maintain its property so as to prevent or eliminate the presence of the clear liquid on the floor in the location where the Plaintiff fell and to keep the same in a reasonably safe condition;

   F. By failing to clean up the clear liquid in the location of Plaintiff's fall for an unreasonable period of time;

   G. By allowing the clear liquid in the location of Plaintiff's fall to remain on the walking surface in question or

for an unreasonable period of time.

11. WAL-MART either knew or should have known of one or more of the above-referenced conditions.

12. As a direct and proximate result of the foregoing, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, a significant and permanent loss of an important bodily function, permanent injury within a reasonable degree of medical probability and aggravation of a previously existing condition. The losses are either permanent or continuing and said Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, CHRISTINA O'BRIEN, demands judgment for damages against WAL-MART, and further demands an award of costs and requests trial by jury.

## COUNT II

### (CLAIM OF CHRISTINA O'BRIEN AGAINST DEFENDANT DOE)

13. The Plaintiff realleges and incorporates herein paragraphs 1, 2, 3, 4, 5, 6, 7 and 12 as if set forth verbatim.

14. At all times material hereto, DOE was designated by the Defendant Wal-Mart as store manager, and was charged with the duty and responsibility of carrying out company policy and procedures, including but not limited to, maintaining Defendant's floors in a

4

reasonably safe condition and detecting, eliminating or warning of dangerous and hazardous conditions involving its floors before such conditions caused injury and damage to customers.

15. At all times material hereto, DOE knew, or in the exercise of reasonable care should have known, of the dangerous condition of the Wal-Mart floor present in the store managed by DOE.

16. Notwithstanding the above duty and knowledge, DOE, was negligent in at least the following ways:

A. In failing to carry out or implement the Wal-Mart policy, if any, for addressing liquid spills present in the store managed by DOE;

B. In failing to carry out or implement company policy, if any, of inspecting for and detecting a dangerous or hazardous condition such as that described herein before said condition was encountered by Plaintiff;

C. In failing to carry out or implement company policy, if any, of promptly eliminating dangerous or hazardous conditions, or in the alternative, warning of such so as to avoid having customers such as Plaintiff exposed to such risks and the possibility of accident and injury;

D. In failing to properly train store employees in inspecting for, detecting, attending to, or warning of dangerous or hazardous conditions, such as that described herein, with the

result that customers such as Plaintiff were exposed to the risk of accident and injury;

E. In failing to properly and adequately supervise store employees in inspecting for, detecting, attending to or warning of dangerous or hazardous conditions, such as that described herein, with the result that customers such as Plaintiff were exposed to the risk of accident and injury;

F. In failing to discover and order the removal of the liquid causing injury to the Plaintiff;

G. In failing to carry out the duties and responsibilities of store manager, which if done properly, would have prevented this accident;

H. In failing to warn Plaintiff of the unsafe condition of the floor causing injury to the Plaintiff;

I. In failing before the Plaintiff's injury occurred to call for custodial service personnel to correct the unsafe and dangerous condition caused by the liquid on the floor causing injury to the Plaintiff.

J. In failing before the Plaintiff's injury occurred to appreciate the need for warnings and/or removal of the liquid causing injury to the Plaintiff.

WHEREFORE, Plaintiff, CHRISTINA O'BRIEN, demands judgment for damages against Defendant, DOE, and further demands an award of costs and requests trial by jury.

## COUNT III

### (CLAIM OF MICHAEL O'BRIEN AGAINST DEFENDANTS WAL-MART AND DOE)

17. The Plaintiff, MICHAEL O'BRIEN realleges and incorporates herein paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 14, 15 and 16 as if set forth verbatim.

18. At all times material hereto Plaintiffs were married and cohabited as husband and wife.

19. As a direct and proximate result of the foregoing, Plaintiff MICHAEL O'BRIEN has been denied the consort, society, companionship, affection and support of his wife, Plaintiff CHRISTINA O'BRIEN. Said losses are either permanent or continuing and Plaintiff MICHAEL O'BRIEN will suffer the losses in the future.

WHEREFORE, Plaintiff MICHAEL O'BRIEN demands judgment for damages against the Defendants and further demands an award of costs and requests trial by jury.

DATED this 27th day of May, 2020.

THE WRIGHT LAW GROUP

By: /s/ Scott Wright
Scott Wright, Esquire
2290 W. Eau Gallie Blvd.
Suite 212
Melbourne, Florida  32935
(321) 723-1997 Telephone
(321) 722-7318 Facsimile
Eservice@thewrightlawgroup.com
Scott@TheWrightLawGroup.com
FL Bar No. 285749
Attorney for Plaintiffs